[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Background
CT Page 1323-L
The marriage between the Plaintiff and the Defendant was dissolved on June 24, 1994, leaving financial issues, custody and visitation open. On May 1, 1995 the parties filed a written Stipulation in which they, along with counsel for the minor children, agreed to accept the Family Division Report filed March 31, 1995, concerning custody and visitation.
At the time this hearing began on October 4, 1995, the parties agreed that there are four issues to be determined by the court:
 1. Child support; 2. Distribution of the proceeds of the sale of the marital home; 3. Whether the Defendant should reimburse the Plaintiff for medical expenses arising out of a herpes infection; 4. Whether the Plaintiff should be awarded attorney's fees.
 Facts
After reviewing the testimony and the exhibits, and having evaluated the credibility of those who testified, the court finds the following facts.
The parties were married on November 5, 1983 and have three minor children issue of the marriage; Kristin Belter, born July 25, 1984; Jacob Belter, born February 2, 1986; and Ellen Belter, born October 5, 1987.
The Plaintiff, who is 38 years of age, and has a Bachelor's degree in Special Education, has been a full time teacher since 1992. Her gross weekly wage is $422.00; her net is $291.00. $25.00 per week is deducted from her gross each week for her pension.
The Defendant, who is 37 years of age, is a self-employed builder who occasionally does landscaping, carpentry and snow plowing. His gross weekly earnings are $890.00; his net is $640.00 per week.
The parties have stipulated that the Conn. Child Support Guidelines call for weekly support to be paid by the Defendant in the amount of $253.00. This represents a substantial change in the parties' financial circumstances since the current support order was entered. CT Page 1323-M
Just prior to the marriage, while the parties were living together, the Defendant's father gave them a house which was put in the Defendant's name only. This was the marital home for the parties and their three children until approximately 1993. In 1991, the Defendant added the Plaintiff's name to the title so he could obtain a $50,000.00 mortgage in order to start up a new business and buy some heavy construction equipment for the business. The Plaintiff was reluctant to agree to this so in consideration of her acquiescence, the Defendant entered into a written agreement dated December 24, 1991, to hold the Plaintiff harmless on the mortgage.
The Plaintiff received little or no benefit from the proceeds of this mortgage. The marital home was sold on September 15, 1995; at the closing the mortgage was paid off in the amount of $43,302.23. The $80,994.00 net proceeds of the sale are being held in escrow pending this decision.
In 1990, the Plaintiff contracted venereal warts; a short time prior to this she had sexual relations with the Defendant who had recently had sexual relations with a woman who had the HPV virus, and who warned him that any other woman with whom he thereafter had sexual relations would be at risk of contracting the disease from him. The Defendant also had sexual relations with another man from whom she could have contracted the virus. Dr. Schuman, who testified that the Plaintiff got the virus from the Defendant, later testified that in reaching his conclusion, he assumed that the Plaintiff had sexual relations with her husband only for the four or five years immediately preceding her infection. This was not the case.
On June 24, 1994, October 4, 1995 and on November 22, 1995 the Defendant filed financial affidavits with the court that substantially understated his true financial condition.
The parties are both in good health and their present gross weekly earnings of $890.00 (Defendant), and $422.00 (Plaintiff) fairly represent their current respective earning capacities.
Both the Plaintiff and Defendant are responsible for the breakdown of the marriage; they were not committed to the relationship, were not honest with each other, and did things that were not in the best interests of the marriage. CT Page 1323-N
Both parties love their children and are dedicated to doing their best for them.
Conclusion
The Defendant is ordered to pay the Plaintiff $253.00 per week child support, retroactive to October 7, 1995, the date of the filing of the Plaintiff's Motion for Modification of Child Support The arrearage thereby created must be paid in full by September 1, 1996. Each party shall pay one-half of the Plaintiff's unreimbursed medical bills relating to HPV, past and future; and each party shall pay one-half of all unreimbursed medical, dental, optical, orthodontic, optometry, ophthalmological, prescription, psychiatric and psychological expenses for the minor children.
The Defendant is entitled to claim Kristin Belter and Jacob Belter as exemptions on his Federal and State income tax returns, beginning in tax year 1996.
The Plaintiff is awarded $50,000.00, and the Defendant $30,994.00 of the net proceeds of the sale of the marital home, and the Defendant shall retain his business equipment. In making this determination, the Court has considered the relevant criteria contained in Section 46b-81(c) of the Conn. General Statutes, as well as the fact that the mortgage was paid off at the time of the sale of the marital home. Each party shall be responsible for their own attorney's fee; and, as previously ordered by the Court, each shall be responsible for one-half the fee of the attorney for the minor children. They each have the ability to pay these fees, and this trial was made necessary primarily by a bona fide dispute over the net proceeds of the sale of the marital home.
The Plaintiff's maiden name of Elizabeth Carr Stanley is restored.
HON. RICHARD A. WALSH, J. CT Page 1323-O